**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ANTHONY E. RINDAHL,**

**Petitioner,**

**v.** **Case No. 26-CV-758**

**DAISY CHASE,**

**Respondent.**

---

## DECISION AND ORDER

---

Anthony E. Rindahl, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. The respondent has moved to dismiss his petition. (ECF No. 8.)

The Wisconsin Court of Appeals denied Rindahl's motion for post-conviction relief. *State v. Rindahl*, No. 2023AP2121, 2025 LX 73766 (Ct. App. May 6, 2025). It held that Rindahl's claims were procedurally barred under *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994). The well-established *Escalona-Naranjo* rule states that "issues that could have been raised on direct appeal or a previously filed postconviction motion cannot be the basis for a subsequent Wis. Stat. § 974.06 motion unless the defendant provides a sufficient reason for failing to raise the issues in the earlier proceeding." *State v. Rindahl*, No. 2023AP2121, 2025 Wisc. App. LEXIS 395, at *2 (Ct. App. May 6, 2025).

Under what is referred to as the adequate and independent state law grounds exception, a federal court cannot grant habeas relief when the state court denied the petitioner's claim for a reason arising under state law, unrelated to the merits of the constitutional claim. *See Moore v. Wisconsin*, No. 24-cv-603-pp, 2025 U.S. Dist. LEXIS 103908, at *10 (E.D. Wis. May 30, 2025). "The ground is adequate if it is 'firmly established and regularly followed as of the time when the procedural default occurred.'" *Triplett v. McDermott*, 996 F.3d 825, 829 (7th Cir. 2021) (quoting *Richardson v. Lemke*, 745 F.3d 258, 271 (7th Cir. 2014)). "It is independent of federal law if it does not depend on the merits of the petitioner's claim." *Id.* (citing *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (per curiam)).

The rule recognized in *Escalona-Naranjo* is a firmly established and regularly followed Wisconsin procedural rule that does not depend on the merits of the petitioner's claim. *Garcia v. Cromwell*, 28 F.4th 764, 774 (7th Cir. 2022). As such, when the last court to consider the petitioner's claim applies the rule to deny the relief, the federal court cannot consider the merits of the claim.

Rindahl argues that the adequate and independent state law grounds exception does not bar consideration of the merits of his claims because the Wisconsin Court of Appeals erred in applying the *Escalona-Naranjo* rule. He argues that he sought relief under Wis. Stat. § 971.08, not Wis. Stat. § 974.06, and *Escalona-Naranjo* does not apply to motions under Wis. Stat. § 971.08. He also notes that the circuit court did not apply the *Escalona-Naranjo* rule and considered his claims on their merits.

The court of appeals' decision that *Escalona-Naranjo* applied to bar Rindahl's claims is a conclusion this court must respect. In the context of a petition for a writ of habeas corpus under 28 U.S.C. § 2254, federal courts do not second-guess state court decisions on matters of state law. The circuit court's decision to not apply *Escalona-Naranjo* is inconsequential. It is the last court's decision that matters.

Thus, the court is barred from considering the merits of Rindahl's claims unless he can overcome the procedural bar of the adequate and independent state law grounds doctrine. To that end, Rindahl argues that, notwithstanding his guilty plea, he is actually innocent of the offenses. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The actual innocence exception to procedural default "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Id.* at 395 (brackets omitted) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The petitioner must present "new reliable evidence." *House v. Bell*, 547 U.S. 518, 537 (2006). The court then considers that new evidence along with all other evidence to determine what properly instructed jurors likely would do. *Id.* at 537-38.

> In order to establish the actual innocence exception to procedural default after a guilty plea, a habeas petitioner must show that he was actually innocent of the charge to which he pleaded, *and* he must show that he was actually innocent of any charge that the government dropped during the course of plea discussion so long as the dropped charge was more serious or equally serious to the one that was the subject of the plea.

*Cobbs v. United States*, 141 F.4th 872, 880 (7th Cir. 2025) (emphasis in original).

Rindahl pled guilty to one count of second-degree sexual assault of a child. A second count of attempted first-degree sexual assault of a child was dismissed but read in. He alleges that subsequent to his guilty plea, he learned that the stepfather of the alleged victim of Count Two had been sexually abusing her. He asserts that this new information proves that he is actually innocent of Count Two, and if he had known of the stepfather's abuse, he would have never pled guilty or allowed count two to be read in at sentencing. (ECF No. 12 at 6.)

Evidence that another person had also sexually assaulted a child does not prove (or even suggest) that Rindahl is innocent. Indeed, it is doubtful whether such evidence would have even been admissible. *See State v. McMath*, 2024 WI App 49, ¶¶ 19-20, 413 Wis. 2d 415, 2024 Wisc. App. LEXIS 611 (discussing Wis. Stat. § 972.11(2); *State v. Carter*, 2010 WI 40, ¶39, 324 Wis. 2d 640, 782 N.W.2d 695; *State v. Pulizzano*, 155 Wis. 2d 633, 456 N.W.2d 325 (1990)). Moreover, Rindahl was not convicted of Count Two. Rather, the offense was merely read in, which is a procedure under Wisconsin law whereby a charge is dismissed but the court may nonetheless consider it for sentencing purposes. *Rodthong v. McDermott*, No. 15-CV-1438, 2019 U.S. Dist. LEXIS 98303, at *8-10 (E.D. Wis. June 12, 2019). A read-in charge does not increase the statutory penalty for the offense of conviction. But even then, the actual innocence exception does not apply to sentencing issues. *Lairy v. United States*, 142 F.4th 907, 915 (7th Cir. 2025); *Hope v. United States*, 108 F.3d 119, 120 (7th Cir. 1997). Rindahl does not assert, much less prove, that he is actually innocent of the crime he was convicted of committing. Rather, he argues only that if he had known

that the second victim was being sexually abused by her stepfather, he would not have pled guilty.

Even if the court were to accept that Rindahl would have insisted on a trial if he had known this additional information, that does not establish that he is actually innocent. He must still prove that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted) (quoting *Schlup,* 513 U.S. at 327-28). He has failed to do so. Accordingly, the court of appeals having relied on adequate and independent state law grounds to deny his claims, his claims are procedurally defaulted. Rindahl having failed to prove either that cause and prejudice applies or that he is actually innocent, he has not shown that the court can look past his procedural default. Consequently, the court must grant the respondent's motion to dismiss and deny Rindahl's petition.

Finally, because the court is dismissing his petition, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 Proceedings, and 28 U.S.C. § 2253(c), the court must consider whether to grant Rindahl a certificate of appealability. Because the court is dismissing the petition on procedural grounds, a certificate of appealability is appropriate only if reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and it is "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because it is clear that Rindahl's claims are both untimely and unexhausted and there is no basis by

which Rindahl may evade these procedural obstacles, the court therefore must decline to issue a certificate of appealability

**IT IS THEREFORE ORDERED** that the respondent's motion to dismiss (ECF No. 8) is granted and Rindahl's petition and this action are dismissed. The court declines to issue a certificate of appealability. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 8th day of October, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge