**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**ANTHONY E. RINDAHL,**

**Petitioner,**

**v.** **Case No. 26-CV-758**

**DAISY CHASE,**

**Respondent.**

## DECISION AND ORDER

Before the court is petitioner Anthony E. Rindahl's motion to alter or amend judgment under Fed. R. Civ. P. 59(e). The court may grant relief under Rule 59(e) only if the movant presents newly discovery evidence or shows that the court committed a manifest error of law. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013).

Rindahl correctly notes that the court denied his petition, not because his claims were unexhausted and untimely but because his claims were procedurally defaulted. (ECF No. 17 at 3.) Therefore, the court's explanation for its denial of a certificate of appealability should have stated, "Because it is clear that Rindahl's claims are procedurally defaulted and there is no basis by which Rindahl may evade this procedural obstacle, the court therefore must decline to issue a certificate of appealability."

As to the remainder of his motion, Rindahl largely reargues the contentions the court rejected initially. Aside from extremely narrow circumstances not present here, whether the state court correctly applied a procedural rule like the *Escalona-Naranjo* rule is a matter of state law that a federal court cannot upset. *See Johnson v. Foster*, 786 F.3d 501, 508 (7th Cir. 2015) ("a federal habeas court is not the proper body to adjudicate whether a state court correctly interpreted its own procedural rules, even if they are the basis for a procedural default").

Accordingly, with the exception of the correction noted above, Rindahl's motion to alter or amend the judgment (ECF No. 17) is **DENIED**.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 10th day of November, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge